ARCE, PLAINTIFF AND APPELLEE, *v.* BIANCHI GREEN & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1381.—Decided July 17, 1916.

PARTNERSHIP—LIQUIDATION—ACTION AGAINST PARTNERSHIP.—When it does not appear from the transcript of the record that the defendant partnership

raised in the court below the question of whether, being in liquidation, only the liquidator should be sued, but that, on the other hand, all the circumstances show that the case was tried in the belief that it was an action against the partnership in liquidation and the judgment was rendered under such impression, no modification of the judgment will be made on that ground.

ID. — DISSOLUTION OF PARTNERSHIP — THIRD PERSON. — Although the articles of dissolution of a partnership are not recorded in the registry they are evidence against the world of the fact and date of its dissolution, but this fact cannot affect third persons who have done business with the said partnership after the dissolution and without knowledge thereof.

The facts are stated in the opinion.

*Messrs. Guillermo H. Moscoso* and *José de Diego* for the appellants.

*Mr. Pascasio Fajardo Martínez* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On January 19, 1912, the industrial mercantile firm of J. Bianchi Green & Company was duly constituted by notarial instrument containing the following clauses:

"*Fourth.* Juan Bianchi y Green and Alejandro Pruna y López shall be the managing partners of the said firm and shall jointly or severally represent, direct and manage the same with full powers to execute any kind of act or contract concerning real estate and personal property as to purchase, sale, exchange, lease, loan, deposit, mortgage, annuities, servitudes, antichresis, pledge, compromise and arbitration and any other contract, nominate or innominate in law, and to execute, extinguish and cancel them by means of public or private documents of any kind, and they may appear in suit or otherwise before the courts, government departments and officials, consuls, diplomatic agents, notaries and commercial brokers, having, in short, the legal and absolute representation of the firm for all juridical purposes.

"As a special attribute and without diminution of the said general powers, the managing partners, jointly or severally, may make the firm a member of other firms of like or different character or partners with them according to the laws governing the matter.

"Finally, the managing partners of the firm of J. Bianchi Green & Co., jointly or severally, shall use the firm name and represent the personality of the firm.

"*Twelfth.* Both partners are forbidden to give securities or guar-

antees in favor of third persons or to transact any business on their own account with money of the firm."

By virtue of another notarial instrument dated December 28, 1912, the firm was dissolved and one of the managing partners, Pruna y López, was named sole liquidator with full power and authority for all kinds of acts and contracts.

Neither instrument was recorded until May 27, 1913, at which time both were placed on record.

Judgment was obtained against the said firm in liqui- dation in a suit brought on a promissory note in terms as follows:

"For $1,600, American gold. Due February 15, 1914. I prom- ise to pay to Martín Arce or order on February 15, 1914, the sum of sixteen hundred dollars, current money, for value received from him with interest at _____ monthly _____ until the full amount of the obligation is paid. In case of suit I bind myself to pay the sum of two hundred dollars as costs, together with the attorney's fees, and I submit to the exclusive jurisdiction of the court of Mayagüez. May 17, 1913. (Signed) J. Bianchi, Jr. We make our- selves sureties and principal payers jointly and severally, with the same obligation as the partner debtor, and the creditor may grant to the debtor such extensions as he may see fit without affecting this guaranty, which shall continue in force until the complete ex- tinction of the debt. Mayagüez, May 17, 1913. (Signed) J. Bianchi Green & Co."

The first assignment of error is that the court below did not consider that the partnership is dead, and that a suit against the same is a suit against a deceased. It is conceded that a sort of posthumous entity exists in the person of the liquidator, but appellant insists that only the liquidator can be sued. No authorities are cited and it does not appear that any such question was squarely raised and decided in the court below. It is true that the suit was brought against "the mercantile partnership J. Bianchi Green & Co." and that in the answer by "the partnership J. Bianchi Green & Co., through its liquidator and counsel," the facts above outlined

as to dissolution and pending liquidation are set forth, but the action seems to have proceeded by the tacit consent and understanding of all concerned as an action against the firm in liquidation. Plaintiff, appellee, insists in his brief that the question submitted to the district judge was whether or not the defendant firm was bound by the signature of the firm name affixed by J. Bianchi, Jr. The judgment is not against the original partnership but against the firm in liquidation and the findings of fact and conclusions of law, if any were filed by the trial judge, are not included by appellant in the record. Thus it does not appear either that appellant insisted upon any such theory in the court below or that the attention of the trial court was ever drawn directly to the question thus sought to be raised on appeal. On the contrary, as already suggested, all the circumstances point to a trial upon the theory acquiesced in by all parties concerned, of a suit against the partnership in liquidation. We do not feel disposed, therefore, to disturb the judgment on this ground.

The second assignment is that the district court erred in its failure properly to interpret and apply various sections of the Law of Commerce and of the Civil Code. In the interest of brevity we may set forth at once the provisions of these codes discussed by the parties in their briefs. Plaintiff, appellee, cites:

### CODE OF COMMERCE.

"Art. 24.—Articles constituting associations not recorded shall be binding between the members who execute the same; but they shall not prejudice third persons, who, however, may make use thereof in so far as advantageous.

"Art. 25.—There shall also be entered in the registry all resolutions or acts which produce an increase or decrease in the capital of commercial associations, no matter what may be their denomination, and those which modify or alter the conditions of the recorded instruments.

"The omission of this requisite shall produce the effects mentioned in the foregoing article.

"Art. 26.—The instruments recorded can only produce a legal effect to the detriment of a third person from the date of their record, not being invalidated by any previous or subsequent ones which are not recorded.

"Art. 219.—The partial rescission of the copartnership will produce the annulment of the articles in so far as the responsible partner is concerned, who shall be considered as excluded therefrom, requiring him to pay the amount of the loss which may correspond to him, should there be any, and the copartnership shall be authorized to retain, without allowing him to participate in the profits nor giving him any indemnification, the funds he may have contributed to the common capital, until all the transactions pending at the time of the rescission have been concluded and liquidated.

"Art. 220.—The liability of the partner excluded as well as that of the copartnership for all acts and obligations contracted in the name and for the account of the latter, with regard to third persons, shall continue until the record of the partial rescission of the articles of copartnership has been made in the commercial registry.

### REGULATIONS.

"Art. 38.—Besides the record of the instruments referred to in article 36 of these regulations, associations must place on record—

\*          \*          \*          \*          \*          \*          \*

"6. Its partial rescission and total dissolution, except when the latter takes place by reason of the termination of the period for which it was established, the record in such cases being voluntary:"

Defendant, appellant, relies upon:

### CODE OF COMMERCE.

"Art. 118.—Contracts executed between commercial associations and any other persons capable of binding themselves shall be valid and binding, provided the same are legal and honest, and that the requisites mentioned in the following article have been complied with.

"Art. 119.—Every commercial association before beginning business shall be obliged to record its establishment, agreements, and conditions in a public instrument, which shall be presented for record

in the commercial registry, in accordance with the provisions of article 17.

"Additional instruments which modify or alter in any manner whatsoever the original contracts of the association are subject to the same formalities, in accordance with the provisions of article 25.

"Partners can not make private agreements, but all must appear in the articles of co-partnership.

"Art. 120.—The persons in charge of the management of the association who do not comply with the provisions of the foregoing article shall be responsible together with the persons not members of the association with whom they may have transacted business in the name of the same.

"Art. 121.—Commercial associations shall be governed by the clauses and conditions of their articles, and in all that is not determined and prescribed therein, by the provisions of this code.

### CIVIL CODE.

"Sec. 4.—Acts executed contrary to the provisions of law are void except when the law preserves their validity.

"Rights granted by the law may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person.

"Sec. 5.—Laws shall only be repealed by means of subsequent laws; and disuse, custom or practice to the contrary shall not impede their enforcement.

"Laws may be repealed either entirely or in part by other laws.

"Sec. 6.—The repeal is either express or implied. It is express when it is literally declared by a subsequent law; it is implied, when the new law contains provisions either contrary to or irreconcilable with those of the former law. The repeal of a repealing act does not revive the act repealed.

"Sec. 1186.—Public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date of the latter.

"They shall also be evidence against the contracting parties and their legal representatives with regard to the declarations the former may have made therein."

The argument of appellant is that by the terms of sections 118 and 119 of the Code of Commerce the obligation assumed on behalf of Bianchi Green & Company by J. Bian-

chi, Jr., is invalid because at the time the note was executed the articles of copartnership had not been recorded; that the failure to record the instrument of dissolution cannot be urged by plaintiff, appellee, unless the same effect be accorded to the failure to record the document creating the partnership inasmuch as both were recorded on the same date, ten days after the execution of the note. Counsel for appellant concede, as of course they must, that under sections 24 and 26 plaintiff, appellee, cannot be prejudiced nor deprived of his cause of action by the failure to record the agreement of partnership, but they insist that as a result of the provisions of article 120, *supra,* he must sue "the persons having in charge the management" of the concern personally and not the firm; that the instrument of partnership, if relied upon at all, must be taken as a whole, and that the 12th clause thereof forbids the execution by either partner of bonds or guarantees in favor of third persons; and finally that sections 24 and 26 of the Code of Commerce were repealed by section 1186 of the Civil Code read in connection with sections 5 and 6 thereof.

There is no inconsistency whatever between section 1186 of the Civil Code and sections 24 and 26 of the Code of Commerce. The instrument of dissolution is evidence against the world of the fact that the partnership was dissolved on the date of that document, but the question of how and to what extent that fact shall affect innocent third parties dealing with such firm subsequently to such dissolution and without notice thereof is quite another matter. If A sells the same property first to B and thereafter to C, each deed is evidence against the world of the fact of the alienation made therein and of the date thereof, but the legal effect of neither depends solely and exclusively upon those facts. As a matter of elementary, substantive law, C takes nothing because A, already having parted with the title, had nothing to sell; yet if C, without knowledge of the former sale, records his

deed before B reaches the registry, then the property belongs to C.

The other contentions of appellant are equally without merit and need not be discussed at length. J. Bianchi did not execute a bond or guarantee for the accommodation of any third person but simply used the firm name not only as security for his own personal obligation, but as joint and several principal together with himself. To hold that sections 120 and 121 of the Code of Commerce in connection with section 4 of the Civil Code limit the remedy of plaintiff to an action against the individual and probably insolvent partner who makes improper use of the firm name, would be to erase the firm signature from the note and to read sections 24, 25 and 26 out of the Code of Commerce. See also *Z. Betancourt & Co.* v. *Anguiano et al., ante* p. 1; *Quintana Bros. & Co.* v. *S. Ramírez & Co. et al.,* 22 P. R. R. 707.

The language of these sections is too plain to admit of construction, and the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.